IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01790–EWN–MJW

GEORGE LOPEZ,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, Colorado Dept. of Corrections,
GARY WATKINS, Warden, Fremont Correctional Facility,
BEVERLY NICHOLS, Major (FCF), Physical Plant Manager,
DUANE CONNERS, Captain (FCF), Physical Plant Supervisor,
WALTER WOODS, Sergeant (FCF), Grounds Maintenance Supervisor,
All Sued in Their Individual and Official Capacities,

    Defendants.

**ORDER AND MEMORANDUM OF DECISION**

This is a case arising under 42 U.S.C. § 1983. Plaintiff George Lopez alleges that Defendants Joe Ortiz, Gary Watkins, Beverly Nichols, Duane Conners, and Walter Woods violated section 1983 by adopting or maintaining polices in deliberate indifference to Plaintiff's constitutional rights. This matter is before the court on Defendants' "Motion to Dismiss," filed February 10, 2005. Jurisdiction is based on 28 U.S.C. § 1331.

## FACTS

*1.    Factual Background*

The following facts are taken from Plaintiff's amended complaint. On March 19, 2004, Defendant Woods ordered Plaintiff to remove the tips off state issued boots. (Am. Compl. ¶ 1 [filed Nov. 16, 2004] [hereinafter "Am. Compl."].) Defendant Woods instructed Plaintiff to remove the boot tips with a skill saw. (*Id.* ¶ 4.) As Plaintiff began to remove the boot tips, he noticed that there was a screw missing from the safety guard. (*Id.* ¶ 5.) Plaintiff alleges that most tools with motorized blades have safety guards for the protection of the individual handling the tool. (*Id.*)

Plaintiff alleges that he and a fellow inmate, Pete Fuentes, informed Defendant Woods of the safety risk and Defendant Woods instructed them to alter the skill saw by replacing the missing screw with a wire. (*Id.* ¶ 6.) The wire disabled the safety shield. (*Id.*) Plaintiff noticed that the blade was not secure and was "wobbly as the blade turned." (*Id.*) Plaintiff alleges that Defendant Woods acknowledged that the blade on the skill saw was defective and gave a directive to replace the blade. (*Id.* ¶ 7.) The inmate replacing the blade had trouble doing so because the skill saw itself was defective. (*Id.*) Despite the defect, Defendant Woods ordered Plaintiff to use the skill saw. (*Id.*)

Plaintiff proceeded to remove the boot tip with the skill saw and the blade jammed up at the rubber end of the boot. (*Id.* ¶ 8.) Plaintiff experienced a "jerking movement" and the skill saw cut the inner part of his leg. (*Id.*) The skill saw caused a laceration "about six inches long

and about three inches deep." (*Id.* ¶ 9.) Plaintiff received one-hundred stitches to close up his wound. (*Id.* ¶ 12.)

2.  *Procedural History*

On August 27, 2004, Plaintiff, *pro se*, filed a complaint in this court. (Prisoner Compl. [filed Aug. 27, 2004].) Plaintiff asserted five claims: (1) a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendants for their deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment; (2) a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendants for cruel and unusual punishment in violation of the Eighth Amendment; (3) retaliation in violation of Plaintiff's First and Fourteenth Amendment rights; (4) negligence; and (5) intentional infliction of emotional distress. (*Id.* at 4–6.) On November 16, 2004, Plaintiff filed an amended complaint. (Am. Compl.) Plaintiff confessed claims three through five and maintained his section 1983 claims. (*Id.* at 4.)

On February 10, 2005, Defendants filed a motion to dismiss. (Mot. to Dismiss [filed Feb. 10, 2005] [hereinafter "Defs.' Br."].) Defendants allege that Plaintiff's complaint must be dismissed because Plaintiff did not exhaust his administrative remedies. (*Id.* at 2–6.) On February 15, 2005, Plaintiff filed his response to Defendants' motion to dismiss. (Obj. to Defs.' Mot. to Dismiss [filed Feb. 15, 2005].) On March 24, 2005, Victoria Swanson entered an appearance on behalf of Plaintiff. (Entry of Appearance [filed Mar. 24, 2005].) On April 18, 2005, Plaintiff filed a supplemental response to Defendants' motion to dismiss. (Supplemental Resp. to Mot. to Dismiss [field Apr. 18, 2005] [hereinafter "Pl.'s Resp."].) On May 6, 2005,

Defendants filed a reply in support of their motion to dismiss. (State Defs.' Reply in Supp. of Mot. to Dismiss [May 6, 2005] [hereinafter "Defs.' Reply"].) This matter is fully briefed.

## ANALYSIS

### 1. *Standard of Review*

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should only dismiss the claim "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 [10th Cir. 1997]). "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 [10th Cir. 1999]).

### 2. *Evaluation of Claims*

As stated above, Plaintiff alleged two claims in this case: (1) a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendants for their deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment; and (2) a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendants for cruel and unusual punishment in violation of the Eighth Amendment. (Am. Compl. at 4.) Defendants allege that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust his administrative remedies and comply with the Prison Litigation

Reform Act ("PLRA"). (Defs.' Br. at 4–6.) Specifically, Defendants assert that "[n]o grievance has been filed against [D]efendants Joe Ortiz, Gary Watkins, Beverley Nichols, or Duane Conners by [Plaintiff] which names the [D]efendants by name, position, or any other descriptor. In any grievance . . . [P]laintiff needs to name the offending . . . official." (*Id.* at 6.)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [s]ection 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The term "civil action with respect to prison conditions" is defined by the United States Code as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the affects of actions by government officials on the lives of persons confined in prison . . . " 18 U.S.C. § 3626(g)(2). The statutory exhaustion requirement of section 1997e is mandatory and the district court is not authorized to dispense with this requirement. *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). The exhaustion requirement is broad and applies to all aspects of prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* There are no exceptions, including futility, to the exhaustion requirement in section 1997e. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Section 1997e "gives prisons and their officials a valuable entitlement — the right *not* to face a decision on the merits." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1211–12 (10th Cir. 2003) (emphasis in original).

Finally, the Tenth Circuit imposes a "total exhaustion" requirement under the PLRA. *Ross v. County of Brenalillo*, 365 F.3d 1181, 1188–89 (10th Cir. 2004). The presence of unexhausted claims in Plaintiff's complaint requires the district court to dismiss Plaintiff's action in its entirety without prejudice. *Id.* at 1189.

### *a.   Plaintiff's Claims Against Defendants Woods, Connors, and Nichols*

Defendants contend that Plaintiff did not exhaust his administrative remedies with respect to Defendants Conners and Nichols because Plaintiff did not name those individuals in his grievances. (Defs.' Br. at 4–6.) Prior to filing the instant suit, Plaintiff filed one informal grievance and three formal grievances with the prison regarding the skill saw incident. (Am. Compl., Ex 1 [3/31/04 Informal Resolution Attempt], [4/19/04 Offender Grievance Form], [5/10/04 Offender Grievance Form], [8/21/04 Offender Grievance Form].) Plaintiff's informal grievance references Defendant Woods by name. (*Id.*, Ex 1 [3/31/04 Informal Resolution Attempt].) Plaintiff's April 19, 2004 grievance specifically references Defendants Conners and Woods. (*Id.*, Ex 1 [4/19/04 Offender Grievance Form].) Plaintiff's May 10, 2004 grievance specifically references Defendants Conners, Woods, and Nichols. (*Id.*, Ex. 1 [5/10/04 Offender Grievance Form].) Plaintiff's August 21, 2004 grievance references Defendant Woods. (*Id.*, Ex. 1 [8/21/04 Offender Grievance Form].) Based on the foregoing, Plaintiff exhausted his administrative requirement with respect to these three Defendants.

Defendants allege that "Plaintiff states [Defendant] Woods by name, and then drifts into pronouns and vague terms . . . not ever affording the reader an opportunity to understand what complaints [P]laintiff makes against each Defendant." (Defs.' Br. at 5.) Defendants' argument is

disingenuous. Defendants confess that all the grievances reference Defendant Woods. (*Id.* at 3, 6–7.) Defendants acknowledge that Plaintiff's April 19, 2004 grievance states that Defendant Conners "'should have known' that the 'Facility Policy of using a saw to dispose of boots' is 'dangerous.'" (*Id.* at 5 [quoting Am. Compl., Ex. 1 (4/19/04 Offender Grievance Form)].) Further, Plaintiff's May 10, 2004 grievance repeatedly references Defendant Nichols and Plaintiff's belief that Defendant Nichols is a participant in a "cover up." (Am. Compl., Ex. 1 [5/10/04 Offender Grievance Form].) Thus, Defendants Woods, Conners, and Nichols had knowledge of Plaintiff's claims and had an opportunity to address those claims internally. *See Porter v. Nussle*, 534 U.S. 516, 531 (2002). Accordingly, Plaintiff complied with the PLRA and exhausted his administrative remedies with respect to Defendants Woods, Conners, and Nichols.

### b. *Plaintiff's Claims Against Defendants Watkins and Ortiz*

Plaintiff's grievances do not mention Defendants Ortiz or Watkins. Defendants assert that Plaintiff cannot exhaust his administrative remedy as to those Defendants without naming them in the grievances. (Defs.' Reply at 5.) The Tenth Circuit has not decided whether section 1997e requires an inmate to name each potential defendant in the grievance procedure. The Sixth, Seventh, and Eleventh Circuits are split on this issue. *See Strong v. David*, 297 F.3d 646, 649–50 (7th Cir. 2002); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Brown v. Sikes*, 212 F.3d 1205, 1207–09 (11th Cir. 2000).

In *Curry*, the Sixth Circuit determined that section 1997e requires an inmate to specifically name each individual he intends to sue in his grievance. *Curry*, 249 F.3d at 505. The plaintiff in that case did not identify the potential defendant by name or in any discernable

-7-

manner. *Id.* The plaintiff argued that "an investigation into [the defendant's] role in the incident would have flowed naturally from, or been encompassed within, even the most general grievance . . . to prison authorities." *Id.* In reaching its conclusion, the Sixth Circuit reasoned that if a plaintiff did not mention the potential defendant by name, the prison did not know they had a specific grievance and had no reason to pursue any claim or disciplinary action against that potential Defendant. *Id.*

In *Brown*, the Eleventh Circuit determined that section 1997e requires inmates to identify all who are known to have injured him and to provide as much relevant information as reasonably possible in their grievances. *Brown*, 212 F.3d at 1208. The *Brown* court held that an inmate cannot "provide that which he does not have; he cannot identify those whose identities are unknown to him." *Id.*

Finally, in *Strong*, the Seventh Circuit found in interpreting section 1997e, courts must look to the prison grievance system itself to determine what an administrative grievance must contain. *Strong*, 297 F.3d at 649–50. The Seventh Circuit held that where the administrative rules are silent on the issue, a grievance is sufficient if it alerts the prison to the nature of the wrong for which the inmate seeks redress. *Id.* at 650.

Here, I do not need to determine which approach the Tenth Circuit would follow, because Plaintiff has not exhausted his administrative remedy under any of the approaches. First, under the Sixth Circuit approach, Plaintiff's complaint fails because he did not name Defendants Watkins and Ortiz. *See Curry*, 249 F.3d at 505.

Second, under the Eleventh Circuit approach, Plaintiff's complaint fails because he has not shown that at the time he filed his administrative grievance, he could not reasonably have known the identity of Defendant Ortiz, the Director of the Colorado Department of Corrections, or Defendant Ortiz, the warden. Under the Eleventh Circuit approach Plaintiff must identify all those who injured him and provide as much information as possible. *Brown*, 212 F.3d at 1208. Plaintiff does not assert that the Colorado Department of Corrections or the prison administration are responsible for his injuries. Instead, Plaintiff simply alleges that he "want[s] a full and fair investigation into this whole incident by the Colorado Department of Correction Central Office Staff." (Am. Compl., Ex. 1 [5/10/04 Offender Grievance Form].) Even under the Eleventh Circuit's more lenient approach, Plaintiff has not provided enough relevant information to discern that he is asserting a claim against Defendants Watkins and Ortiz. Further, Plaintiff does not argue nor is it evident from Plaintiff's grievances, complaint, or response to Defendant's motion to dismiss, that Plaintiff did not know the identity of Defendants Watkins or Ortiz. Rather, Plaintiff's original complaint naming Defendants Watkins and Ortiz — which he filed *pro se* only seven days after he filed his last administrative grievance — is evidence that Plaintiff knew Defendants Watkins' and Ortiz' identity. (Am. Compl., Ex. 1 [8/21/04 Offender Grievance Form].) Thus, Plaintiff's complaint fails under the Eleventh Circuit approach.

Finally, the Seventh Circuit approach dictates that the courts must look to the state's administrative procedures. The Seventh Circuit held that where the administrative rules are silent a grievance is sufficient if it alerts the prison to the nature of inmates complaint. *Strong*, 297 F.3d at 650. The Colorado Department of Corrections provides a grievance procedure to inmates

in its administrative regulations. Colorado Department of Corrections, Administrative Regulations 850–04 (2005), *at* http://www.doc.state.co.us/admin_reg/index_99a.htm. Upon entry into the Colorado Department of Corrections, each inmate receives notification and oral explanation of this procedure. *Id.* The grievance procedure is very detailed with explicit steps each inmate must follow. *Id.*

The grievance procedure states that "[t]he grievance shall be legible and all identifying data shall be properly completed. . . . The grievance shall clearly state the basis for the grievance and the relief requested in the space provided on the form." *Id.* Plaintiff did not include all identifying data in his grievances because he did not identify Defendants Watkins or Ortiz directly, nor did he provide sufficient information to put these Defendants on notice regarding his claim. Thus, Plaintiff's complaint fails under the Seventh Circuit approach. Accordingly, Plaintiff did not exhaust his administrative remedies with respect to Defendants Watkins or Ortiz.

### c. *Total Exhaustion*

Defendants contend that because Plaintiff did not exhaust his remedies as to the claims against some of the Defendants, the claims against the remaining Defendants must be dismissed. (Defs.' Br. at 7.) As stated above, the Tenth Circuit has determined that the PLRA contains a total exhaustion requirement. *Ross*, 365 F.3d at 1188–89. The Tenth Circuit reasoned that the policies of the PLRA strongly support a total exhaustion requirement. *Id.* at 1190. Specifically, the Tenth Circuit determined that, in the PLRA context, a total exhaustion rule

> would encourage prisoners to make full use of the inmate grievance procedures and thus give prison officials the first opportunity to resolve prisoner complaints . . . . It would facilitate the creation of an administrative record that would ultimately assist federal courts in addressing the prisoner's claims. . . . Moreover, it would relieve district courts of the duty to determine whether certain exhausted claims are severable from other unexhausted claims that they are required to dismiss. . . . Prisoners suing under [section] 1983, no less than habeas prisoners, can be expected to adhere to this straightforward exhaustion requirement. . . . Finally, the total exhaustion rule will not increase the burden on federal courts but will instead tend to avoid at least some piecemeal litigation.

*Id.* at 1190. Here, Plaintiff did not exhaust his administrative remedies as to all Defendants, thus, I must dismiss the entire action without prejudice. *Id.* at 1189; *see Mohamed v. N.L. Conner*, No. 03–3197, 2004 U.S. Dist. WL 1047925, at *5–6 (D. Kan. May 7, 2004) (holding that if "plaintiff has not exhausted administrative remedies as to all defendants, the [c]ourt must dismiss the entire action without prejudice.").

Plaintiff contends that the doctrine of total exhaustion does not apply in this case. (Pl.'s Resp. at 5.) Specifically, Plaintiff contends that "[t]he doctrine requires that each separate event which forms the basis for the prisoner's complaint must be the subject of a grievance and that events which occurred after the grievance process had been exhausted may not be added to the complaint." (*Id.* at 5–6.) Plaintiff misinterprets *Ross* and the policies behind the total exhaustion requirement. While the *Ross* court dealt primarily with claims based on events that had not yet occurred, the doctrine the Tenth Circuit enunciated and the policies that support total exhaustion apply in the instant case.

Here, to allow Plaintiff to proceed with his claims against Defendants Woods, Conners, and Nichols, in light of his failure to exhaust his administrative remedies against Defendants

-11-

Watkins and Ortiz, would be inefficient. As the Tenth Circuit noted, "[u]nder the total exhaustion rule 'both the courts and the prisoners should benefit, for as a result the district court will be more likely to review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review.'" *Ross*, 365 F.3d at 1190 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 [1982]). Plaintiff's interpretation of *Ross* would encourage piecemeal litigation and would require the district court to determine whether certain exhausted claims are severable from other unexhausted claims. This is inapposite to the policy of the PLRA and the Tenth Circuit's decision in *Ross*. Finally, Plaintiff is not left without a remedy. Plaintiff has the option to resubmit his complaint containing only exhausted claims. *See id.* Accordingly, Plaintiff's claims are not properly before this court.

### 3. *Conclusions*

Based on the foregoing it is therefore ORDERED that:

1. Defendants' motion to dismiss (# 34) is GRANTED.

2. The clerk shall forthwith enter judgment in favor of Defendants and against Plaintiff, dismissing all claims without prejudice. Defendants may have their costs by filing a bill of costs within eleven days of the date of this order.

Dated this  21st  day of September, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge